IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHRIS WALTERS, | CV 25-144-BLG-TJC |
| Plaintiff, | **FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| vs. | |
| DONALD TRUMP, | |
| Defendant. | |

This case comes before the Court on a complaint filed by pro se Plaintiff Chris Walters ("Plaintiff").  (Doc. 1.)  Plaintiff submitted the complaint without paying the filing fee or submitting a motion to proceed in forma pauperis.

Pursuant to Local Rule 3.1(a), all complaints must be accompanied by: "payment of the full amount of the filing fee or a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)." L.R. 3.2(a)(2).  Therefore, on April 6, 2026, the Court ordered Plaintiff to either pay the $405.00 filing fee or submit a motion to proceed in forma pauperis by April 27, 2026.  (Doc. 4.)  Plaintiff was specifically warned that failure to comply with the Court's order would result in the dismissal of his action.  (*Id.*)

In addition, the Court expressly advised Plaintiff that he must immediately notify the Court of any change in his mailing address, and warned that his failure to do so "may result in dismissal of this case without further notice."  (*Id.* at 2.)

1

To date, Plaintiff has failed to pay the filing fee or submit a motion to proceed in forma pauperis.  Additionally, Plaintiff has not kept his mailing address current with the Court, as the Court's mailing of the April 6, 2026 order was returned as undeliverable.  (Docs. 5, 6.)

## I.    FAILURE TO PROSECUTE

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action.  The Court may dismiss a case on its own without awaiting a motion.  See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)).

The first two factors relate "to the efficient administration of judicial business for the benefit of all litigants with cases pending."  *Nealey v. Transportacion Maritima Mexicana, S. A.*, 662 F.2d 1275, 1279 (9th Cir. 1980).

2

"The trial judge is in the best position to determine whether delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642. Here, Plaintiff has not paid the filing fee or submitted a motion to proceed in forma pauperis, and has not kept his address updated as directed. The Court cannot manage its docket if Plaintiff refuses to comply with the Court's orders. Plaintiff's case has consumed judicial resources and time that could have been devoted to other matters. The first two factors, therefore, weigh in favor of dismissal.

The third factor requires the Court to weigh the risk of prejudice to Defendant. Because Defendant has not been served, he has not yet suffered any actual prejudice. Nevertheless, in light of Plaintiff's failure to comply with Court orders to pay the filing fee or move to proceed in forma pauperis, or keep his address updated, this matter could linger indefinitely and result in a heightened risk of prejudice to Defendant. Thus, the third factor weighs in favor of dismissal.

The fourth factor also weighs in favor of dismissal. The Court has considered less drastic alternatives, such as providing additional time. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Based on the record thus far, as well as Plaintiff's history of litigation before this Court,[1] there is no

---

[1] Plaintiff has filed at least two actions in this district in which after he filed suit, he subsequently requested to withdraw his complaints, indicating he swiftly loses interest in litigating his cases once they are filed. *See e.g. Walters v. Berryhill*,

reason to expect Plaintiff will respond if he is given additional opportunities to comply with the Court's order.  The Court is not required to exhaust all less drastic alternatives prior to dismissal.  *Id.*  Plaintiff was afforded an adequate amount of time to pay the filing fee or move to proceed in forma pauperis.  He chose not to do so.  At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits.  *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).  But given the other factors favoring dismissal, the weight of this factor is slight.

On balance, the Court finds dismissal is warranted under Rule 41(b).

## II.  CONCLUSION

Given Plaintiff's failure to pay the filing fee or submit a motion to proceed in forma pauperis and to keep his mailing address updated, no further resources of the Court should be expended and Plaintiff's case should be dismissed.

Based upon the foregoing, **IT IS RECOMMENDED** that:

1.  This matter should be dismissed without prejudice.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

---

CV-17-33-DLC-JTJ; *Walters v. Leahy*, CV-12-184-DLC.

2.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  The record makes plain that Plaintiff has failed to prosecute this matter and/or comply with the Court's orders.

**NOTICE OF RIGHT TO OBJECT TO OBJECT
TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES
OF FAILURE TO OBJECT**

Plaintiff may file objections to these Findings and Recommendations within fourteen (14) days after service.  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 5th day of May, 2026.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

5